IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>SANTOS NAUL MASS-SOTO,<br><br>　　Defendant. | MEMORADUM DECISION AND ORDER DENYING MOTION FOR REVIEW OF AN ORDER OF RELEASE<br><br>Case No. 2:16-cr-00110-JNP<br><br>District Judge Jill N. Parrish |

Before the court is the Government's motion for de novo review of the decision of an Arizona magistrate judge to release defendant Santos Naul Mass-Soto. [Document 41]. The court determines that it does not have jurisdiction to review the Arizona magistrate judge's decision and DENIES the Government's motion.

## PROCEDURAL BACKGROUND

In this court, Mass-Soto pled guilty to the offense of reentry of a previously removed alien. In May 2016, the court sentenced Mass-Soto to 48 months of probation and remanded him to the custody of the U.S. Bureau of Immigration and Customs Enforcement for deportation proceedings. One of the conditions of his probation was to not illegally reenter the United States. In September 2018, Mass-Soto was arrested in Arizona. This court issued a warrant, and Mass-Soto was transported to this district. In November 2018, Mass-Soto admitted that he had violated the conditions of his probation by illegally reentering the United States, and this court sentenced him to incarceration for six months, followed by one year of supervised release. One of the conditions of his supervised released was that he not commit another federal, state, or local crime. The court

further ordered that upon release from confinement, he be remanded to the U.S. Bureau of Immigration and Customs Enforcement for deportation proceedings.

In October 2019, Mass-Soto was arrested again in Arizona. This court issued a warrant based upon his probation officer's affidavit asserting the officer's belief that Mass-Soto had violated the conditions of his supervised release by illegally reentering the United States. On December 26, 2019, a magistrate judge in the United States District Court for the District of Arizona held an identification and preliminary revocation hearing. The magistrate judge did not file a written order and the Government has not provided a transcript of the hearing. But the minute entry for the hearing indicates that the magistrate judge found that the petition alleging a violation of supervised release did not comport with due process and that the Government had not established probable cause that Mass-Soto had violated the conditions of his supervised release. The minute entry also states that because the petition was not supported by probable cause, "the petition should be dismissed in the charging district." But on the same date of the hearing, the magistrate judge signed a document authorizing Mass-Soto's release from custody that indicated that the magistrate judge had ordered the dismissal of the petition during the hearing.

A clerk for the District of Arizona subsequently forwarded to this court copies of the documents filed in that court. On December 27, 2019, a clerk for the District of Utah filed the documents on the docket of this court.

On January 8, 2020, the Government filed a motion in this court requesting that it review de novo the Arizona magistrate judge's probable cause finding. On the same day, the Arizona magistrate judge entered a written order in the District of Arizona dismissing the proceedings on the petition to revoke Mass-Soto's supervised release.

## ANALYSIS

The Government argues that the Arizona magistrate judge transferred jurisdiction over the probable cause determination to this court. The Government further contends that the probable cause determination was incorrect and should be overruled. Mass-Soto opposes the Government's motion, principally arguing that this court does not have jurisdiction to overrule the Arizona magistrate judge. This court agrees that it does not have jurisdiction to review the Arizona magistrate judge's probable cause determination.

Rule 32.1 of the Federal Rules of Criminal Procedure governs the proceedings for revoking supervised release. This rule provides that if a person is held in custody in the district where the alleged supervised release violation occurred, that person "must be taken without unnecessary delay before a magistrate judge" in the district where the person is held. FED. R. CRIM. P. 32.1(a)(1). If the custodial district is not the district that has jurisdiction to conduct the revocation hearing, a magistrate judge in the custodial district must conduct a preliminary hearing to determine whether there is probable cause to believe that a supervised release violation has occurred. *Id.* 32.1(a)(5)(A). At this preliminary hearing, the magistrate judge must either "transfer the person to the district that has jurisdiction [to conduct the revocation hearing], if the judge finds probable cause to believe that a violation occurred; or dismiss the proceedings and so notify the court that has jurisdiction, if the judge finds no probable cause to believe that a violation occurred." *Id.*

As the sentencing court, this court had jurisdiction to determine whether Mass-Soto violated his supervised release conditions. But because the Government alleged that Mass-Soto violated his release conditions in the District of Arizona and he was in custody in that district, Rule 32.1 granted jurisdiction to a magistrate judge in the District of Arizona to conduct a preliminary

hearing and make a probable cause determination. The Arizona magistrate judge then had two choices. If she found there was probable cause to believe that Mass-Soto had violated his supervised release conditions, Rule 32.1 required the judge to transfer him to the District of Utah for a revocation hearing before this court. If she determined that the Government had not shown probable cause, Rule 32.1 required the judge to dismiss the proceedings against Mass-Soto and notify this court.

The Government, however, argues that the Arizona magistrate judge took a third course of action that is not countenanced by Rule 32.1. It contends that the magistrate judge made a finding that no probable cause supported the supervised release petition, ordered Mass-Soto's release, and then transferred jurisdiction over the probable cause determination to this court. The Government bases its assertion that this transfer of jurisdiction occurred on the minute entry for the preliminary hearing, which states that "the petition should be dismissed in the charging district." The Government also points to the fact that a clerk for the District of Arizona forwarded copies of documents filed in that court to this court, a ministerial act that commonly occurs when jurisdiction over a criminal defendant is transferred from one federal district court to another. The court disagrees with the Government's contention that it has jurisdiction over the probable cause determination for two reasons.

First, the Government has failed to show that the Arizona magistrate judge ordered the transfer of jurisdiction over its probable cause determination to this court. The minute entry relied upon by the Government states:

> The Court FINDS that the petition alleges a violation of the supervised release condition that the defendant not commit another federal, state, or local crime, that the petition does not comport with due process requirements for alleging a violation of supervised release, and that the Government has not established probable cause

4

> that the defendant violated his supervised release. Thus, the petition should be dismissed in the charging district. Defendant is ordered released from custody. Warrant of Removal will not be issued.

The Government argues that the statement in the minute entry that "the petition should be dismissed in the charging district" effectuated a transfer of jurisdiction to this court. But the minute entry is far from clear on this issue. The magistrate judge's suggestion that this court "should" dismiss the supervised release violation petition does not amount to an order to transfer jurisdiction over all further proceedings in the case, including the probable cause determination, to this court. Indeed, other orders entered by the Arizona magistrate judge contradict the Government's contention that she had transferred jurisdiction to this court. After the December 26, 2019 hearing, the magistrate judge signed an order to release Mass-Soto from the custody of the U.S. Marshal. This order indicated that the release was pursuant to the magistrate judge's order of dismissal during the probable cause hearing. Moreover, the Arizona magistrate judge ordered the dismissal of the proceedings against Mass-Soto on January 8, 2020, implying that she believed that the District of Arizona still had jurisdiction over the probable cause determination under Rule 32.1(a)(5)(A).

The Government also suggests that because a clerk in the District of Arizona sent copies of documents filed in that court to the District of Utah, jurisdiction passed to this court. But this ministerial act, absent a clear order entered by the magistrate judge, is insufficient to transfer jurisdiction. Moreover, forwarding these documents serves a purpose other than the transfer of jurisdiction. The transfer of documents fulfills the directive of Rule 32.1 to "notify the court that has jurisdiction" of the dismissal of the proceedings against the defendant. *See* FED. R. CRIM. P. 32.1(a)(5)(A).

In sum, the Government has not produced a court order transferring jurisdiction from the District of Arizona to this district. Nor has the Government produced a transcript of the December 26, 2019 hearing to show whether the Arizona magistrate judge made such an order in open court. Absent any evidence of such an order, this court may not assume that it has jurisdiction to review the magistrate judge's probable cause determination.

Second, even if the Arizona magistrate judge had attempted to transfer jurisdiction to this court, Rule 32.1 would prohibit removal. As noted above, the District of Arizona had jurisdiction to conduct a preliminary hearing and to make a probable cause determination in this case. Upon finding that no probable cause existed to believe that Mass-Soto had violated the terms of his supervised release, Rule 32.1 required the magistrate judge to dismiss the proceedings against the defendant and to notify this court. In other words, the magistrate judge had no authority under the Federal Rules of Criminal Procedure to transfer jurisdiction to this court. Accordingly, any review of the magistrate judge's probable cause determination would have to be conducted by a district court judge in the District of Arizona.

## CONCLUSION

This court does not have jurisdiction to review the probable cause determination made by a magistrate judge in the District of Arizona. Thus, the court DENIES the Government's motion for review of the Arizona probable cause and release orders.

DATED February 7, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge